[No. 78391-8.   En Banc.]

Considered November 2, 2006.     Decided December 14, 2006.

THE STATE OF WASHINGTON, *Respondent*, v. ERIC ALBERT WATSON, *Petitioner*.

*Rebecca W. Bouchey*, for petitioner.

*Gerald A. Horne, Prosecuting Attorney, P. Grace Kingman, Deputy*, and *Levi Larson, Legal Intern*, for respondent.

¶1 PER CURIAM — Eric Watson pleaded guilty to 10 counts of possession of depictions of a minor engaged in sexually explicit conduct. He appealed his convictions, arguing that the trial court exerted undue pressure on him to plead guilty, rendering his plea involuntary. The Court of Appeals affirmed. *State v. Watson*, noted at 131 Wn. App. 1027 (2006). We grant review and also affirm.

¶2 The State charged Watson with 10 counts of possession of depictions of a minor engaged in sexually explicit conduct. The day before Watson's trial was scheduled to begin, the parties appeared before the criminal presiding judge for a competency hearing. During the course of that hearing, Watson told the judge that at one point his attorney had considered a motion to suppress and that if that motion were not successful, Watson had the option of pleading guilty. The judge replied:

> And, I really think you should take their offer. It's a calculated risk going to trial. I did defense work and I had clients that

wouldn't take the offer and went to trial and ended up with double the jail time and I would come back and tell them, don't blame me, you're the one that wanted to go to trial.

. . . .

So, I think you need to seriously think about the next trial date and whether you want to take the risk of going to trial.

Report of Proceedings (Nov. 9, 2004) at 8. The judge ruled that there was a personality conflict between Watson and his attorney but no competence issue.

¶3 Another attorney substituted for Watson's counsel, and Watson's trial was continued two months to enable new counsel to prepare. A little over a month later, after discussing the case with his new attorney, Watson decided to plead guilty. He completed a statement indicating that he understood the nature of the charges against him and the rights he was giving up by pleading guilty. And Watson's signed statement said that he was making his plea "freely and voluntarily" without threat or promise. Clerk's Papers at 10.

¶4 At the plea hearing before a different judge, defense counsel told the court that he had carefully gone over the plea statement with Watson, who had acknowledged that he wanted to plead guilty. And in colloquy Watson told the court that he was pleading guilty freely and voluntarily. The court accepted Watson's plea, finding it to be knowing, intelligent, and voluntary.

¶5 Watson asserted on appeal that his plea was involuntary because the criminal presiding judge had exerted undue pressure on him to plead guilty by threatening him with "double the jail time." The Court of Appeals determined there was no threat. And though the court noted that the judge's remark that Watson should "take their offer" was inappropriate, it held that the remark did not compel Watson to plead guilty and that the record showed his later-entered guilty plea was not coerced or involuntary. The court therefore affirmed Watson's convictions.

¶6 Watson again argues that his plea was coerced by the criminal presiding judge. *See Brady v. United States*, 397

U.S. 742, 757, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970) (guilty plea involuntary if it is obtained by mental coercion overbearing defendant's will); *State v. Williams*, 117 Wn. App. 390, 398, 71 P.3d 686 (2003) (same). But we agree with the Court of Appeals that Watson's ultimate plea was sufficiently removed from the judge's remarks to attenuate any effect they may have had on the plea. Watson obtained new counsel, consulted with counsel, and over a month later entered a guilty plea, assuring the court verbally and in writing that he was entering the plea freely and voluntarily.

¶7 Ordinarily, this court would simply deny review of a routine Court of Appeals opinion with which we agree. But here we grant review to emphasize that the criminal presiding judge's remarks were wholly inappropriate. While the judge made no threat to impose "double jail time," as Watson claims, she did advise Watson to "take [the State's plea] offer." Trial judges are to refrain from offering defendants any advice, direct or implied, about the wisdom of pleading guilty.

¶8 The Court of Appeals decision is affirmed.